UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GWENDOLYN K. BARRETT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:24-cv-01002-MTS |
| ) | |
| FEDERAL GOVERNMENT INTERNAL ) | |
| REVENUE SERVICE, ) | |
| ) | |
| Defendant. ) | |

### MEMORANDUM AND ORDER

This matter is before the Court on review of Plaintiff Gwendolyn Barrett's Application to Proceed in District Court Without Prepaying Fees or Costs. Doc. [2]. Having reviewed the Application, the Court finds that Plaintiff is unable to pay the costs associated with this matter. The Court will therefore grant the Application and waive the filing fee. On review under 28 U.S.C. § 1915(e)(2), the Court will dismiss this action because it fails to state a claim upon which relief may be granted.

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. When reviewing a complaint filed by a self-represented person under 28 U.S.C. § 1915, the Court accepts the well-pleaded facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984) (per curiam), and liberally construes the complaint, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). A "liberal construction"

means that if the essence of an allegation is discernible, the district court should construe the complaint in a way that permits the claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). Even so, self-represented plaintiffs must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980) (per curiam); *see also Stone v. Harry*, 364 F.3d 912, 914–15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the self-represented plaintiff).

To sufficiently state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

**The Complaint**

Plaintiff worked as a St. Louis-based Tax Law Specialist for the Internal Revenue Service. Doc. [1]. She brings this action against the IRS for alleged employment discrimination in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e to 2000e-17; the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101–12213; the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. §§ 621-634; and the Rehabilitation Act of 1973, 29 U.S.C. §§ 791–797b. *Id.* at 1–2. While

the Complaint is light on detail, Plaintiff appears to allege the following adverse employment actions:

- The IRS suspended Plaintiff for 10 days for failure to satisfy her tax obligations. Plaintiff does not state when this action occurred. She attributes her failure to satisfy her tax obligations to mail fraud, and she asserts that she should only have been reprimanded.

- On March 31, 2023, Crystal M. Williams denied Plaintiff's health-based request to telework, despite Plaintiff submitting "appropriate paperwork approved by the Reasonable Accommodation Director."

- Ms. Williams determined that Plaintiff's work-from-home setup was noncompliant because it relied on a wireless internet connection, despite verification by the IT Help Desk and Plaintiff's internet service provider that Plaintiff's connection was hard-wired.

- The IRS informed Plaintiff that her maximum pay grade was 9.9, even though tax specialists in Kansas City, Missouri can reach grade 11.

*Id.* at 5–6.

## Discussion

Plaintiff asserts claims under Title VII, the ADA, the ADEA, and the Rehabilitation Act. The Court will address each in turn.

**1. Title VII**

Title VII prohibits "employer discrimination on the basis of race, color, religion, sex, or national origin, in hiring, firing, salary structure, promotion and the like." *Winfrey v. City of Forrest City*, 882 F.3d 757, 758 (8th Cir. 2018). In her Complaint, Plaintiff states that the

IRS discriminated against her because of her disability and age.[1]  She does not allege that the IRS discriminated against her on the basis of race, color, religion, sex, or national origin.  Indeed, she does not even allege any facts regarding her race, color, religion, sex, or national origin.  Title VII does not prohibit age- or disability-based discrimination.  *Smythe v. Potter*, 4:05-cv-01471-FRB, 2006 WL 2927545, at *2 (E.D. Mo. Oct. 11, 2006).  Thus, the Court finds that Plaintiff has failed to state a plausible claim under Title VII.

2. **The ADA**

"The ADA bars private employers from discriminating against a qualified individual on the basis of disability."  *Faidley v. United Parcel Serv. of America, Inc.*, 889 F.3d 933, 940 (8th Cir. 2018).  The ADA does not provide a cause of action against the federal government.  *See* 42 U.S.C. § 12111(5)(B)(i) ("The term 'employer' does not include . . . the United States[.]"); *see also Taylor v. Lew*, 4:13-cv-2481-SNLJ, 2014 WL 4724689, at *4 (E.D. Mo. Sept. 23, 2014); *Calero-Cerezo v. U.S. Dep't of Just.*, 355 F.3d 6, 12 n.1 (1st Cir. 2004) (noting "the ADA is not available to federal employees").  Thus, the Court finds that Plaintiff also has failed to state a plausible claim under the ADA.

3. **The ADEA**

"The ADEA prohibits employers from discriminating against any individual on the basis of age with respect to his or her compensation, terms, conditions, or privileges of employment."  *Jankovitz v. Des Moines Indep. Cmty. Sch. Dist.*, 421 F.3d 649, 652 (8th Cir. 2005); *see also Rahlf v. Mo-Tech Corp., Inc.*, 642 F.3d 633, 636 (8th Cir. 2011) (stating that the "ADEA prohibits discrimination against employees, age 40 and over, because of their

---

[1] Plaintiff also checked the box next to "other" but does not elaborate. Doc. [1] at 5.

4

age"). Plaintiff states in her Complaint that the IRS discriminated against her because of her age and disability. Doc. [1] at 5. Despite this assertion, Plaintiff makes no allegations of age-based discrimination. She does not allege any age-related comments or conduct before her termination; nor does she allege facts showing that similarly situated employees were treated differently. *See Hager v. Ark. Dep't of Health*, 735 F.3d 1009, 1015 (8th Cir. 2013). Without any factual allegations in support, Plaintiff's assertion is merely a legal conclusion that the Court need not accept as true. *See Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016); *Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372–73 (8th Cir. 2016) (stating that court must accept factual allegations in complaint as true but is not required to "accept as true any legal conclusion couched as a factual allegation"). Plaintiff's factual allegations do not establish a plausible claim to relief under the ADEA.

4. **The Rehabilitation Act**

Congress enacted the Rehabilitation Act to ensure that individuals with disabilities would not be denied benefits from or be subjected to discrimination under any program or activity that receives federal funding. *Argenyi v. Creighton Univ.*, 703 F.3d 441, 448 (8th Cir. 2013). The Act provides, in relevant part, "that no otherwise qualified individual with a disability in the United States shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." *Wojewski v. Rapid City Reg'l Hosp., Inc.*, 450 F.3d 338, 344 (8th Cir. 2006).

To establish a prima facie case under the Rehabilitation Act, a plaintiff is required to show three things: (1) that she is a qualified individual with a disability; (2) that she was denied the benefits of a program or activity of a public entity that receives federal funds; and (3) that

she was discriminated against based on his or her disability. *Estate of Barnwell ex rel. Barnwell v. Watson*, 880 F.3d 998, 1004 (8th Cir. 2018). "A qualified individual with a disability is broadly defined as any person who meets the essential eligibility requirements for the receipt of services or the participation in programs or activities provided by a public entity." *Gorman v. Bartch*, 152 F.3d 907, 912 (8th Cir. 1998).

Here, Plaintiff asserts that she underwent surgery for carpal tunnel syndrome and was not paid during her time off for the surgery. She does not assert that she was entitled to pay during that time. She also does not allege that she was denied any benefits or that she was discriminated against based on her carpal tunnel syndrome. In fact, she draws no connection between any adverse action and her carpal tunnel syndrome. Thus, even assuming Plaintiff is a qualified individual with a disability, her allegations do not support a plausible claim under the Rehabilitation Act.

## Conclusion

At most, Plaintiff's allegations establish only the possibility of misconduct. They do not warrant an inference that the IRS discriminated against her because of her age or carpal tunnel syndrome. *See Iqbal*, 556 U.S. at 678. For these reasons, the Court will dismiss this action under 28 U.S.C. § 1915(e)(2) for failure to state a claim upon which relief can be granted.[2]

---

[2] Additionally, the Court finds that Plaintiff failed to properly exhaust her administrative remedies before bringing these claims. *See* Doc. [1-1]. For this independent reason, Plaintiff's Title VII, ADEA, and Rehabilitation Act claims necessarily fail. *See* 42 U.S.C. § 2000e-16(c); *Achagzai v. Broad. Bd. of Governors*, 170 F. Supp. 3d 164, 175 (D.D.C. 2016) ("A federal employee who seeks to sue her agency for discrimination under Title VII or the ADEA must, absent unusual circumstances, timely exhaust administrative remedies before bringing suit."); *Rodgers v. Henderson*, 10 F. App'x 467, 468 (9th Cir. 2001) (per curiam).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. [2], is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Appoint Counsel, Doc. [3], is **DENIED** as moot.

An Order of Dismissal will accompany this Memorandum and Order.  *See* 28 U.S.C. § 1915(e)(2).

Dated this 7th day of October 2024.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE